**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE**

**FRANK HUNG and AMY HUNG,**

    Plaintiffs

vs.

**VESPER PROPERTIES DEVELOPMENT, LLC**     No:
**a/k/a VESPER PROPERTIES DEVELOPMENT
LLC; BRETT ERMER; ANDREW WENN;
EAGLE CDI INC.; LIMA ONE CAPITAL, LLC;
TARA DUTTON, TRUSTEE,**

    Defendants.

## COMPLAINT

Come Plaintiffs, by counsel, and bring a civil cause of action against Defendants, and for their cause of action would show the Court as follows:

1. Plaintiff Frank Hung is a citizen and resident of the State of California.

2. Plaintiff Amy Hung is a citizen and resident of the State of California; Plaintiffs are husband and wife.

3. Defendant Vesper Properties Development, LLC a/k/a Vesper Properties Development LLC ("Vesper") is a Tennessee limited liability company which may be served with process in care of its registered agent, Republic Registered Agent LLC at the company's registered address: 4015 Travis Drive, Suite 211, Nashville, TN 37211.

4. Upon information and belief, Plaintiffs aver that the members of Vesper are Brett Ermer, Andrew Wenn, Paul Johnson, and Cynthia Linn; and Plaintiffs aver, upon information and belief, that none of the members of Vespers are California domiciliaries.

5. Defendant Brett Ermer ("Ermer") is a citizen and resident of the State of North Carolina who may be served with process, pursuant to Tennessee's Long Arm Statutes, at his residence located at 4143 Mer Lane Drive, Charlotte, NC 28206.

6. Defendant Andrew Wenn ("Wenn") is a citizen and resident of the State of North Carolina who may be served with process, pursuant to Tennessee's Long Arm Statutes, at his residence located at 308 E. Morehead Street, Apartment 334, Charlotte, NC 28202.

7. Defendant Eagle CDI Inc. ("Eagle") is a Tennessee corporation which may be served with process in care of its registered agent, Glenda K. Paskell-Fielden, at the corporation's registered address: 11719 Chapman Highway, Suite 105, Seymour, TN 37865-5264.

8. Defendant Lima One Capital, LLC ("Lima") is a Georgia limited liability company, duly authorized to transact business in the State of Tennessee, which may be served with process in care of its registered agent, Northwest Registered Agent Inc. at the company's registered address: 116 Agnes Road, Suite 200, Knoxville, TN 37919.

9. Upon information and belief, Plaintiffs aver that no member of Lima is a California domiciliary.

10. Defendant Tara Dutton, Trustee ("Dutton"), is a citizen and resident of the State of Tennessee, who may be served with process in her place of business located at 1148 Wagner Drive, Suite 101, Sevierville, TN 37862.

11. The real property Plaintiffs place at issue in this cause is commonly known as 4228 Wears Valley Road, Sevierville, TN 37862, and is shown in the records of the Sevier County Assessor as Map 134, Parcel 7.00, Lot 41, and more fully described as follows:

> Situated in the Sixth (6th) Civil District of Sevier County, Tennessee, and being known and designated as Lot Nos. 41 and 42, as the same appears on the Plat

entitled Final Plat of Timber Cove, a Horizontal Property Regime, of record in Large Map Book 9, Page 161, and Master Deed of record in Book 3564, Page 296, and as amended in Book 3599, Page 599, in the Register's Office for Sevier County, Tennessee, to which specific map and instruments are hereby made for a more particular description.

Being a portion of the same property conveyed to Vesper by Special Warranty Deed dated May 31, 2019, of record with the Register for Sevier County in Book 5339, Page 568, recorded on June 12, 2019 (copy attached as **Exhibit 1**, and Plaintiffs request the Court take judicial notice of this instrument of public record).

For further reference, see Deed in Lieu of Foreclosure from Vesper to Eagle, of record with the Register for Sevier County in Book 6286, Page 222, recorded on March 23, 2023 (copy attached as **Exhibit 2**, and Plaintiffs request the Court take judicial notice of this instrument of public record).

(the "Property").

12. This Court possesses original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, insofar as Plaintiffs are California domiciliaries, and none of Defendants, or any members of any defendant non-corporate entity, is a California domiciliary, and the amount in controversy exceeds $75,000.00.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that some of Defendants reside in this federal judicial district, the real property at issue in this cause is situated entirely within this federal judicial district, and a substantial part of the events giving rise to the claims asserted herein occurred in this federal judicial district.

14. Plaintiffs and Vesper entered into a "Purchase and Sale Agreement" with respect to the Property on March 6, 2021, which has been amended several times (the original "Purchase and Sale Agreement," with amendments, being the "Contract").

15. A true copy of the Contract, along with all amendments, is attached hereto collectively as **Exhibit 3**.

16. The Contract contemplates that Vesper will cause the construction of certain improvements upon the Property, in the nature of a dwelling, and shall convey fee simple absolute title to Plaintiffs following completion of construction and as otherwise set forth in the Contract.

17. As shown in the Contract, the Hungs and Vesper extended the closing and otherwise amended of the Contract on several occasions.

18. The reason for certain of the Contract extensions was always Vesper's inability to perform, *i.e.*, to convey the Property with the improvements the Contract contemplates.

19. Vesper failed to complete performance after the last Contract amendment, as set forth therein.

20. At all pertinent times, the Hungs have fully performed with respect to their obligations pursuant to the Contract, including, without limitation, all payment obligations set forth therein, which payments total no less than $171,375.00.

21. On June 22, 2021, Vesper conveyed the Property in trust to Dutton, as trustee for the benefit of Lima, by "Open-End Commercial Deed of Trust, Security Agreement, and Fixture Filing," of record with the Register for Sevier County in Book 5822, Page 662, recorded on June 28, 2023 (the "Deed of Trust").

22. A true copy of the Deed of Trust is attached hereto as **Exhibit 4**, and Plaintiffs request the Court take judicial notice of this instrument of public record.

23. At all pertinent times, Eagle has been the general contractor for Vesper with respect to the construction of the dwelling on the Property.

24. Upon information and belief, Eagle has had actual notice of the Contract since prior to June 22, 2021.

25. Upon information and belief, Lima has had actual notice of the Contract since prior to June 22, 2021.

26. On February 15, 2023, Lima released the Deed of Trust with respect to the Property, by Partial Release of Deed of Trust, of record with the Register for Sevier County in Book 6267, Page 636, recorded on February 15, 2023 (the "Partial Release").

27 A true copy of the Partial Release is attached hereto as **Exhibit 5**, and Plaintiffs request the Court take judicial notice of this instrument of public record.

28. Upon information and belief, prior to March 10, 2023, Eagle claimed some interest in title to the Property by virtue of Tennessee's mechanics lien statutes.

27. On March 10, 2023, Vesper, notwithstanding the Contract, voluntarily conveyed the Property to Eagle by "Deed in Lieu of Foreclosure," of record with the Register for Sevier County in Book 6286, Page 222, recorded on March 23, 2023 (the "Deed in Lieu").

28. A true copy of the Deed in Lieu is attached hereto as **Exhibit 6**, and Plaintiffs request the Court take judicial notice of this instrument of public record.

29. On March 15, 2023, Lima executed and recorded a "(Corrective) Partial Release of Deed of Trust"), of record with the Register for Sevier County in Book 6282, Page 407, purporting to correct the Partial Release (the "Corrective Partial Release").

30 A true copy of the Corrective Partial Release is attached hereto as **Exhibit 7**, and Plaintiffs request the Court take judicial notice of this instrument of public record.

31. On March 17, 2023, Lima assigned the Deed of Trust to Eagle by "Assignment of Mortgage," of record with the Register for Sevier County in Book 6286, Page 219, recorded on March 23, 2023 (the "Assignment").

32. A true copy of the Assignment is attached hereto as **Exhibit 8**, and Plaintiffs request the Court take judicial notice of this instrument of public record.

33. Eagle does not intend to convey the Property to the Hungs, notwithstanding the Contract, unless the Hungs pay substantially more than the purchase price set forth in in the Contract.

34. Upon information and belief, payments the Hungs have made to Vesper, pursuant to the Contract, have been used in such funds were either used, or should have been used, for labor and materials in construction of the dwelling on the Property.

## COUNT I – *LIS PENDENS*

35. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

36. Plaintiffs are entitled to the certification of an abstract of this suit and notice of *lis pendens* for recordation with the Register for Sevier County, so as to place the world on notice of the pendency of this action, and for purposes of seeking a 90-day restraining order pursuant to Tennessee Code Annotated section 20-3-105.

## COUNT II – INJUNCTIVE RELIEF

37. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

38. Pursuant to Tennessee Code Annotated section 20-3-105 and Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs are entitled to the entry of a 90-day restraining order, temporary injunction, and permanent injunction, barring Defendants, and/or anyone acting in concert with them, from taking any act inconsistent with Plaintiffs' interests in title to the Property.

## COUNT III – DECLARATORY JUDGMENT– MERGER OF EAGLE'S MECHANICS LIEN CLAIM INTO EAGLE'S FEE TITLE TO THE PROPERTY

39. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

40. It is in all ways equitable for the Court to determine that by the doctrine of merger, any mechanics lien claim Eagle may assert against title to the Property has merged into Eagle's fee title to the Property by virtue of the Deed in Lieu.

41. Plaintiffs are entitled to entry of a declaratory judgment that Eagle's acquisition of an interest in fee title to the Property by the Deed in Lieu has extinguished any mechanics lien claim Eagle may assert.

## COUNT IV – DECLARATORY JUDGMENT– EFFECT OF PARTIAL RELEASE AND CORRECTIVE PARTIAL RELEASE

42. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

43. Plaintiffs are entitled to entry of a declaratory judgment determining the legal consequences of the Partial Release and the Corrective Partial Release with respect to title to the Property.

## COUNT V – DECLARATORY JUDGMENT– PRIORITY OF INTERESTS

44. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

45. Plaintiffs are entitled to entry of a declaratory judgment that their interests in title to the Property are senior to those of all other parties to this action and that all parties to this action are subject to Plaintiffs' claims against title to the Property arising from the Contract.

## COUNT VI – BREACH OF CONTRACT

46. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

47. By, without limitation, failing to convey the Property to Plaintiffs and by conveying the Property to Eagle, Vesper has breached the Contract.

48. Vesper's breach of contract has caused Plaintiffs to suffer damages and incur attorney fees.

## COUNT VII – DECLARATORY JUDGMENT – JOINT VENTURE AMONG VESPER AND EAGLE

49. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

50. Based upon the actions and conduct of Vesper and Eagle, it is reasonable to infer, and indeed, upon information and belief Plaintiffs aver, that a joint venture exists among these parties with respect to the improvement and sale of the Property.

51. Plaintiffs are entitled to entry of a declaratory judgment that Vesper and Eagle are engaged in a joint venture with respect to the improvement and sale of the Property, to the end that Eagle be bound to the Contract in the same manner as Vesper.

## COUNT VIII – SPECIFIC PERFORMANCE

52. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

53. Plaintiffs are entitled to entry of a judgment for specific performance, commanding Eagle to fully perform with respect to the Contract, without limitation, by completion of improvements on the Property, as contemplated by the Contract, and conveyance of the Property to Plaintiffs, as contemplated by the Contract.

## COUNT IX – DECLARATORY JUDGMENT, ACCOUNTING, AND EQUITABLE RELIEF – IMPOSITION OF CONSTRUCTIVE TRUST

54. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

55. It is in all ways equitable that the Court to conduct an accounting of Vesper's use of Plaintiffs' funds and to impose a constructive trust upon title to the Property, so as to avoid Vester and/or Eagle becoming unjustly enriched with Plaintiffs' funds.

## COUNT X – FRAUD

56. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

57. In the months prior to initiating this action, Plaintiffs negotiated with Vesper in good faith to effect a buyout of the Contract, whereby Plaintiffs and Vesper could part ways on mutually agreeable terms.

58. Vesper's negotiations with Plaintiffs were a ruse to buy time to attempt to limit Vesper's other liabilities.

59. By voluntarily executing the Deed in Lieu, Vesper intentionally defrauded Plaintiffs.

60. Vesper's intentional fraud has caused Plaintiffs to suffer damages.

## COUNT XI – PIERCING THE LIMITED LIABILITY COMPANY VEIL

61. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

62. By voluntarily executing the Deed in Lieu, notwithstanding doing so as members of Vesper, Ermer and Wenn intentionally defrauded Plaintiffs.

63. Vesper is grossly undercapitalized.

64. Ermer and Wenn use Vesper as an instrumentality or business conduit for an individual or another corporation.

65. Ermer and Wenn have diverted Vesper assets another entity to the detriment of creditors, without limitation, Plaintiffs.

66. Upon information and believe, Ermer's and Wenn's diversion of Vesper assets described in the previous paragraph has resulted in personal benefits to Ermer and Wenn.

67. With respect to their management of Vesper, Ermer and Wenn have failed to maintain arms length relationships among related entities.

68. It is appropriate that the Court disregard any shield to which Emer or Wenn may otherwise be entitled pursuant to appliable law governing limited liability companies and that he Court hold Ermer and Wenn jointly and severally liable for any judgment the Court may render against Vesper.

## COUNT XII – PUNITIVE DAMAGES

69. Plaintiffs incorporate herein each of the averments set forth in the above recited numbered paragraphs.

68. Based upon their intentional fraud, Plaintiffs are entitled to an award of punitive damages against Vesper, Ermer, and Wenn, jointly and severally.

WHEREFORE, Plaintiffs pray that process enter for Defendant, requiring them to answer this Complaint, and follow such proceedings as the Court may deem appropriate, that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1. That the Court enter all such appropriate declaratory and injunctive relief as requested herein.

2. That the Court impose a constructive trust upon title to the Property, for the benefit of Plaintiffs, in an amount to be determined at trial.

3. That the Court compel Vesper and Eagle to perform pursuant to the Contract.

4. That the Court award Plaintiffs compensatory damages, punitive damages, and attorney fees against Vesper, Ermer, and Wenn, jointly and severally, in an amount to be determined at trial.

This the 26th day of April, 2023.

*/s/ Matthew A. Grossman*
Michael W. Ewell (BPR No. 13232)
Matthew A. Grossman (BPR No. 22107)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
550 W. Main Street, Suite 500
Knoxville, TN 37902
Email: mewell@fmsllp.com
Email: mgrossman@fmsllp.com
(865) 546-9321
Attorneys for Plaintiffs